UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK BROWN, III,

    Petitioner,                      Case Number 2:20-CV-10371
                                          HONORABLE ARTHUR J. TARNOW
v.                                        UNITED STATES DISTRICT JUDGE

JOHN DAVIDS,

    Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Fredrick Brown, III, ("Petitioner"), confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through attorney David L. Moffitt. Petitioner challenges his 2008 conviction out of the Genesee County Circuit Court for first-degree felony murder, assault with intent to rob while armed, felon in possession of a firearm, and felony-firearm.

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals so that Petitioner may obtain permission to file a successive petition for a writ of habeas corpus.

### I. Background

Petitioner filed a petition for a writ of habeas corpus, challenging this conviction, which was denied on the merits. *Brown v. Bergh*, No. 2:11-CV-10571, 2013 WL 2338415 (E.D. Mich. May 29, 2013); *appeal dism.* No. 13-1832 (6th Cir. Jan. 13, 2014). Petitioner

1

has once again filed a petition for a writ of habeas corpus, seeking relief from this conviction.

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner claims that his current petition is not a successive petition, within the meaning of 28 U.S.C. § 2244(b)(3)(A), because the state judge issued an order amending petitioner's sentence after a re-sentencing conducted on March 25, 2019. (ECF No. 1, PageID.3).

In *King v. Morgan,* 807 F.3d 154, 157-60 (6th Cir. 2015), the Sixth Circuit held that a federal habeas corpus petition which challenges a new state-court sentence that is imposed after a full re-sentencing and which leads to a new judgment does not count as "second or successive" habeas petition, for purposes of § 2244(b)(3)(A), even if the petitioner previously filed a petition to challenge the original sentence and even if he raised or could have raised the same claims in the earlier petition. The Sixth Circuit in *King* based its decision in part on the Supreme Court's holding in *Magwood v. Patterson*, 561 U.S. 320 (2010).

The Sixth Circuit, however, "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new "judgment" within the meaning of *Magwood*." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016).

Petitioner's counsel in the petition does not indicate the reason for petitioner's re-sentencing. Counsel, however, attached to the petition the Genesee County Circuit Court docket sheet. This docket sheet indicates that counsel filed a motion to resolve an order of restitution. (ECF No. 1-4, PageID.68). The parties apparently stipulated to a restitution amount. At the subsequent hearing, the judge entered a restitution amount of $ 2,033.00. Petitioner again was sentenced to life imprisonment without parole on the first-degree murder count, thirty to forty-five years on the assault with intent to rob while armed count, three to seven years, six months on the felon in possession count, and two years on the felony-firearm count. (ECF No. 1-4, PageID.69-70). These prison sentences were the same as those imposed at the time of the original sentence. (ECF No. 1-4, PageID.65).

Significantly, petitioner was originally assessed restitution in the amount of $ 2,033.00. (ECF No. 1-4, PageID.65).

The amended restitution judgment entered by the Genesee County Circuit Court did not constitute a new sentencing judgment, so as to permit petitioner to file a second habeas petition, because the amended judgment did not adjudicate petitioner's guilt or in any way change his level of incarceration or even the amount of restitution. *See Dyab v. United States,* 855 F.3d 919, 923–24 (8th Cir. 2017). This Court concludes that petitioner is challenging the same judgment in his current petition that he filed in his earlier habeas petition and is required to obtain permission from the Sixth Circuit before he can file this successive petition.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

**IT IS ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

    s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 16, 2020**